OPINION
{¶ 1} Appellant, Anthony White, appeals the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, finding him guilty of robbery.
 {¶ 2} On March 24, 2006, a complaint was filed against appellant, Anthony White, age seventeen, alleging that he was delinquent by reason of having committed the offense of robbery, a second degree felony, in violation of R.C. 2911.02(A)(2), and aggravating menacing.[1] An adjudicatory hearing was held on May 30, 2006. *Page 2 
 {¶ 3} The evidence revealed that on March 23, 2006, Kurt Sidewand ("Sidewand"), Operations Manager at Topps Market in Ashtabula, observed two males acting in a suspicious manner. Upon closer observation, while watching them through a surveillance monitor, he saw one of the males, later identified as appellant, remove a bottle of liquor from the store shelf and conceal it in his coat sleeve. Mr. Sidewand left the surveillance room and went out into the store to apprehend appellant. As appellant passed by the cash register, Sidewand saw appellant place a Snickers bar in his pocket. Appellant and his friend entered the vestibule area of the store, and Sidewand called them back into the store and asked appellant if he had a receipt for the items he removed from the store. At that point, appellant became belligerent and told Sidewand "you better let me out of the store, I'm going to cut ya." Although Sidewand said he felt threatened, he leaned appellant over the checkout stand and patted him down to look for a weapon. At that point, appellant took his right arm and struck him the eye, causing him to sustain a severe contusion. A struggle ensued and appellant struck Sidewand a couple more times. Appellant again threatened Sidewand, stating "you better let me by. You better let me go or something bad is going to happen * * * ."
 {¶ 4} Deputy Michael Roach ("Deputy Roach") of the Ashtabula County Sheriffs Department responded to a call for assistance and arrived at the Topps Market just before 9:00 p.m. When Deputy Roach arrived at the scene, he saw two store employees blocking appellant and preventing him from leaving the store. He heard appellant screaming, swearing and threatening them as he tried to exit the store. In order to calm him down, Deputy Roach used a taser on appellant, then placed his hands behind his back, handcuffed him, and led him out of the store. Appellant *Page 3 
continued to yell and swear, telling the deputy he was going to "kick his ass." Police found items in his right sleeve. Appellant was found to be delinquent by reason of having committed a robbery. The trial court ordered that appellant be sentenced to the Ohio Department of Youth Services, for a minimum one year period, up to the maximum of reaching age twenty-one. Appellant filed the timely appeal, raising the following assignment of error for our review:
 {¶ 5} "The Juvenile Court erred in finding the evidence sufficient to find juvenile true of committing robbery beyond a reasonable doubt."
 {¶ 6} Appellant challenges the sufficiency of the evidence supporting his delinquency adjudication for robbery. As this court stated inState v. Schlee (1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13, the standard of review for a sufficiency of the evidence claim is "whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. * * *" (Citations omitted.) "In essence, sufficiency is a test of adequacy[;] [w]hether the evidence is legally sufficient to sustain a verdict * * *." State v. Thompkins (1997), 78 Ohio St.3d 380,386. Thus, sufficiency of the evidence tests the burden of production. Id. at 390.
 {¶ 7} R.C. 2911.02(A)(2) sets forth the elements of robbery as follows:
 {¶ 8} "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: * * * *Page 4 
 {¶ 9} "inflict, attempt to inflict, or threaten to inflict physical harm on another."
 {¶ 10} Physical harm is defined as "any injury, illness, or other psychological impairment, regardless of its gravity or duration." R.C.2901.01(A)(3).
 {¶ 11} In arguing that his delinquency adjudication for robbery was not sustained by the sufficiency of the evidence, appellant claims that the force or physical harm he inflicted on the store manager was not a part of the theft itself or the immediate flight afterward; rather, he maintains that because he had already left the store, the theft and altercation with the manager involved separate incidents. In this regard, appellant attempts to distinguish his situation from the one involved in In Re: Jason Mills, 11th Dist. No. 2001-A-0028, 2002-Ohio-3125, reversed on other grounds (2002), 97 Ohio St.3d 432, where we upheld an adjudication for robbery under R.C. 2911.02(A)(3), a charge involving theft by use of force or the threat of the immediate use of force, that was being challenged on sufficiency grounds.
 {¶ 12} In Mills, the defendant had stolen money from a store safe. As the defendant exited the store office, the store manager pinned him against the wall and retrieved the money. The defendant pushed the manager and ran out of the store. On appeal, the defendant argued that the force he used against the manager did not occur simultaneously with the theft; thus, the state failed to prove the required element of force necessary to convict him of robbery. We rejected the defendant's argument, holding instead that "the use of force need not be in furtherance of the theft, as long as it occurs while the appellant is immediately fleeing from the attempt or the commission of the theft offense." Id. at j|23. We further stressed that even if a defendant has already left the store, he or she may still be convicted of robbery. In fact, "where a *Page 5 
defendant struggles with store security guards outside a store immediately after a theft in an effort to escape apprehension, such conduct * * * is sufficient to establish the force element of robbery." Id. at ¶ 22, citing State v. Dunning (2000), 8th Dist. No. 75869, 000 Ohio App. LEXIS 1185.
 {¶ 13} We reject appellant's argument and, instead, find that appellee has satisfied its burden in proving all elements of the offense of robbery. The unequivocal evidence reveals that appellant assaulted and threatened the store manager. Not only did appellant verbally threaten the manager, but he hit him in the eye as he was apprehended and continued to strike him and threaten him until the time the police arrived at the scene. Contrary to appellant's position, the incident was part and parcel of the theft offense and was not a separate occurrence. The witnesses' testimony, including appellant's own testimony, clearly shows that the struggle occurred simultaneously with appellant's attempt to free himself immediately after the theft, in an effort to escape apprehension. Furthermore, even though, under the facts presented, it is immaterial whether the physical harm occurred inside or outside the store, appellant admitted in his testimony that he never left the store. A close reading of the manager's testimony supports the conclusion that the incident occurred in the vestibule of the store.
 {¶ 14} Although the Mills decision involved an adjudication for robbery under R.C. 2911.02(A)(3), we apply the rationale espoused in that case to adjudications for robbery under R.C. 2911.02(A)(2) that involve theft offenses where the offender has inflicted, attempted to inflict, or threatened to inflict physical harm on another. Since the facts of this case demonstrate that appellant committed a theft offense and inflicted *Page 6 
physical harm on the victim immediately after the theft, in an attempt to flee, we conclude that the record contains sufficient evidence, upon which a rational trier of fact could find that appellant committed the offense of robbery. We therefore reject appellant's assignment of error.
 {¶ 15} We affirm the decision of the Ashtabula County Court of Common Pleas, Juvenile Division.
WILLIAM M. O'NEILL, J., COLLEEN MARY OTOOLE, J., concur.
[1] The aggravating menacing charge was subsequently dismissed. *Page 1